United States District Court
Middle District of Florida
Jacksonville Division

**AARON J. WEST, M.D., P.A.,**

   *Plaintiff,*

v.                                                   NO. 3:25-cv-616-MMH-PDB

**SUSAN DRAGO,**

   *Defendant.*

---

## Order

Through a paper filed on August 20, the plaintiff moves for an August 22 order prohibiting the defendant from deposing Dr. Aaron West (the plaintiff's principal) on August 26. Doc. 23. The plaintiff's counsel explains that he notified the plaintiff of his intent to withdraw from representation and will move to withdraw on August 28 after awaiting the 14-day period under Local Rule 2.02(c). Doc. 23 at 1–2. The plaintiff's counsel states that he cannot reasonably advocate for Dr. West in the deposition and, without elaboration, references a conflict. Doc. 23 at 3. The plaintiff's counsel observes that the court has not yet entered a scheduling order and that the parties request a March 2026 deadline to complete discovery. Doc. 23 at 3.

The defendant responds to the emergency motion with 99 pages of argument and information.[*] Docs. 25, 25-1, 25-2, 25-3, 25-4, 25-5, 25-6, 25-7,

---

[*]Many of the exhibits are copies of emails between lawyers. Section I.C. of the Middle District Discovery handbook explains that correspondence exchanged during the course of litigation should be filed only in limited circumstances and that counsel should redact correspondence to exclude irrelevant and prejudicial material.

25-8, 25-9, 25-10, 25-11, 25-12, 25-13, 25-14. The sum and substance of those pages is this: the plaintiff has the burden of demonstrating good cause; courts frown on precluding depositions; the plaintiff's counsel has twice cancelled the deposition and offered only August 25 and 26 under the rationale that counsel would be in trial for the rest of the year; the plaintiff and its counsel have delayed since the inception of the litigation; the deponent's testimony may provide grounds for discovery-related sanctions against the plaintiff and its counsel based on incomplete discovery responses; the plaintiff's counsel is still counsel of record with accompanying duties; the court may not grant the anticipated motion to withdraw considering that a corporation must be represented by counsel; and an "indefinite" postponement of the deposition is "inherently prejudicial" to the defendant. *See id.*

"A party or any person from whom discovery is sought may move for a protective order," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause" is hard to define but "generally signifies a sound basis or legitimate need to take judicial action" after balancing the interests involved. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

The plaintiff demonstrates good cause. From here, one of these paths is likely: counsel will continue to represent the plaintiff either because counsel reconsiders moving to withdraw or the court denies a motion to withdraw; or counsel will move to withdraw, the court will permit withdrawal and order new counsel to appear to represent the plaintiff, and new counsel will or will not appear. Under any of these scenarios, the defendant will have an opportunity to depose Dr. West or will win the litigation through dismissal.

Forcing the August 26 deposition invites a multiplication of issues that would be worse than the possibility that the defendant will be deprived of evidence to determine if previous discovery responses were complete. The defendant's claims of prejudice otherwise appear hyperbolic.

The motion, Doc. 23, is **granted**. Dr. West need not appear for the August 26 deposition. If no motion to withdraw is made by the end of the month, the defendant may request a status conference to discuss the path forward.

**Ordered** in Jacksonville, Florida, on August 22, 2025.

Patricia D. Barksdale
United States Magistrate Judge