**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AARON J. WEST, M.D., P.A.,
d/b/a Vigilant Health System,

      Plaintiff,

v.                                                 Case No. 3:25-cv-616-MMH-PDB

SUSAN DRAGO,

      Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand and Incorporated Memorandum of Law (Doc. 8; Motion), filed on June 9, 2025. In the Motion, Plaintiff Aaron J. West MD PA d/b/a Vigilant Health System (Vigilant) argues that the Court lacks subject matter jurisdiction over this action and must remand the matter to state court. See Motion at 10. Defendant Susan Drago filed a response in opposition to the Motion on June 23, 2025. See Defendant Susan Drago's Response in Opposition to Plaintiff's Motion for Remand (Doc. 12; Response). Accordingly, this matter is ripe for review.

**I.**     **Procedural History**

Vigilant initiated this action in state court on August 31, 2024. See Complaint for Damages and Injunctive Relief and Demand for Jury Trial (Doc. 1-3 at 4). On May 28, 2024, Vigilant filed an amended complaint which is the

operative pleading at this time. See Amended Complaint for Damages and Injunctive Relief and Demand for Jury Trial (Doc. 3; Amended Complaint). In the Amended Complaint, Vigilant asserts state-law claims for breach of contract and tortious interference with business relationships. See id. at 3, 6. Vigilant also includes a separate count titled "Permanent Injunctive Relief" premised on the breach of contract. Id. at 4-5.[1] Drago removed the action to this Court on June 3, 2025. See Notice of Removal (Doc. 1; Notice).

In the Notice, Drago asserts that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. See Notice at 2. Although there is no contention that Vigilant brings any federal claim, Drago contends that the case is nonetheless removable because "Vigilant's [state law] claims turn on quintessential federal questions . . . ." Id. at 2, 4. Specifically, Drago argues that Vigilant's claims for breach of contract and permanent injunctive relief are premised on a contractual provision prohibiting the disclosure of trade secrets as defined by the federal Defend Trade Secrets Act of 2016 (the DTSA). Id. at 4, 6; see also Amended Complaint, Ex. A § 3 (defining

---

[1] The Court notes that a request for permanent injunctive relief is not a separate cause of action, it is a form of relief. See Alabama v. U.S. Army Corps of Eng'rs., 424 F.3d 1117, 1127 (11th Cir. 2005) ("'There is no such thing as a traditional injunction in the abstract' . . . An injunction is a 'remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.'") (citing Klay v. United Healthgroup, 376 F3d 1092, 1097-98 (11th Cir. 2004)); see also Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982) ("[A]n injunction is an equitable remedy." (emphasis added)).

- 2 -

trade secrets as that which "is deemed to be a trade secret of the Company under the Defend Trade Secrets Act of 2016"). As such, Drago contends that these claims "will directly require this Court to adjudicate questions under federal law—namely, whether [Vigilant] has a trade secret under the DTSA and, if so, whether it is entitled to the relief it seeks." Id. at 6-7.

## II.   Applicable Law

A defendant may remove a case from a state court to federal court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction exists where a federal district court has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)). Notably, when a defendant removes an action to federal court, the defendant bears the burden of establishing that the court has subject matter jurisdiction. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). And in assessing whether a defendant has met this burden, "all doubts about jurisdiction should be resolved in favor of remand to state court." City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).

In the Notice, Drago seeks to invoke the Court's federal question jurisdiction under § 1331. See Notice at 1. This statute provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C § 1331.

In determining whether a claim arises under federal law for purposes of § 1331, the Court is guided by the "well-pleaded complaint rule." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). That rule demands that a federal question appear on the face of the plaintiff's well-pleaded complaint. Gully v. First Nat'l Bank, 299 U.S. 109, 112–13 (1936); see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). Generally, a federal question appears on the face of the complaint when federal law creates the cause of action. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). To meet the burden of establishing the existence of proper federal jurisdiction, the removing "defendants must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008); see also Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011). Because a federal question must appear on the face of the complaint, a federal defense alone will not support removal. Kemp, 109 F.3d at 712.

Nevertheless, "even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims."[2] Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 13 (1983)).  Importantly, however, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Dunlap, 381 F.3d at 1290 (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986)).  Rather, to confer federal jurisdiction, "the state-law claim must 'really and substantially involve[ ] a dispute or controversy respecting the validity, construction or effect of [federal] law.'" Id. (quoting Mobile Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982)); Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

To determine whether a state-law claim raises a substantial question of federal law, courts apply a four-factor test outlined by the Supreme Court in Grable.  See AST & Sci. LLC v. Delclaux Partners SA, 143 F.4th 1249, 1252-53 (11th Cir. 2025).  Pursuant to this test, "federal jurisdiction over a state law

---

[2] Drago does not argue that federal law preempts Vigilant's state-law claims.  Rather, Drago asserts that Vigilant's claims "turn on quintessential federal questions . . . ." See Notice at 2.  Accordingly, federal preemption is not implicated here.

- 5 -

claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal–state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013) (citing Grable, 545 U.S. at 313-14); Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374, 383 (2016). "For federal-question jurisdiction to exist, 'all four of these requirements' must be satisfied." AST & Science, 143 F.4th at 1253 (quoting Gunn, 568 U.S. at 258). Significantly, this path to federal jurisdiction "is successfully trod very rarely . . . ." See id. at 1252-53. Indeed, only a "special and small category of cases" will meet the requirements for federal question jurisdiction in this context. Id. at 1252 (quoting Gunn, 568 U.S. at 258).

As discussed below, this case turns on the third prong of the test—substantiality. In weighing this factor, the Eleventh Circuit has identified three relevant considerations:

> "First, a pure question of law is more likely to be a substantial federal question. Second, a question that will control many other cases is more likely to be a substantial federal question. Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question."

Id. at 1253 (quoting MDS (Can.) Inc. v. Rad Source Techs., Inc., 720 F.3d 833, 842 (11th Cir. 2013)). Importantly, "the substantiality requirement isn't about whether 'the federal issue [is] significant to the particular parties in the

immediate suit'—as it often is—but is 'instead [about] the importance of the issue to the federal system as a whole.'" Id. (quoting Gunn, 568 U.S. at 260).

### III. Discussion

In the Motion and Response, the parties make several arguments.[3] The Court finds it necessary to address only one. The jurisdictional question here can be resolved on the issue of substantiality. Drago maintains that "whether the information Vigilant claims Ms. Drago used or disclosed constitutes a 'trade secret' under 18 U.S.C. § 1839(3)" is a substantial question. See Response at 14. Vigilant argues that "a mere contractual provision that references the definition of trade secrets under a federal law is not a substantial federal issue." See Motion at 4. For the reasons below, the Court finds that to the extent Vigilant's state-law claims raise a federal question, it is not a substantial one. Thus, the Court need not address the parties' other arguments and will remand this case to state court. See AST & Science, 143 F.4th at 1253 (declining to reach the remaining federal question factors where the substantiality element is missing).

As stated above, the federal issue arguably underlying Vigilant's state-law claims is whether the information Drago is allegedly misusing constitutes

---

[3] For example, the parties dispute the degree to which Vigilant's claims rely on the trade secret provision of the agreement. See Motion at 4-6; Response at 1-8. The Court will assume without deciding that interpretation of the trade secret provision is an integral part of Vigilant's claims because regardless, the claims do not raise a substantial federal question.

a trade secret under the DTSA. In analyzing the substantiality of this question, the Court is guided by the Eleventh Circuit's recent decision in AST & Science. In that decision, the Eleventh Circuit considered whether the district court properly exercised federal question jurisdiction over a state law breach-of-contract claim with an embedded federal issue. Id. at 1252. Specifically, the plaintiff in AST & Science alleged that the defendant had breached a contract provision which prohibited the defendant from engaging in any act that would require it to register as a broker-dealer. Id. at 1251. The district court found that this claim required resolution of the federal issue of "whether [the defendant] operated as an unregistered broker-dealer in violation of § 15(a)(1) of the Securities Exchange Act of 1934." Id. at 1252 (internal citation omitted). On appeal, the Eleventh Circuit reviewed the three substantiality factors as well as other relevant considerations and determined that the district court lacked federal-question jurisdiction because the federal issue was not substantial. Id. at 1253-55. The result is the same here.

Turning to the first factor, the purported federal issue in this case is not purely a legal question. Indeed, "whether something is a trade secret is a question typically resolved by a fact finder after full presentation of evidence from each side." See Compulife Software Inc. v. Newman, 959 F.3d 1288, 1311 (11th Cir. 2020) (emphasis added) (quoting Yellowfin Yachts, Inc. v. Barker Boatworks, LLC, 898 F.3d 1279, 1297 (11th Cir. 2018)). Such a "context-

intensive inquiry is 'poles apart'" from legal issues like "the constitutionality of a federal statute" or "the statutory validity of a federal agency's action," which are the types of purely legal questions the Supreme Court has previously recognized in this context. See AST & Science, 143 F.4th at 1254 (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700 (2006)). Thus, this factor does not support a finding of substantiality. See AST & Science, 143 F.4th at 1254.[4] For a similar reason, the second factor weighs against substantiality as well. Whether any item of information at issue here constitutes a trade secret under the DTSA will depend heavily on the particular facts of this case. This means that the resolution of the trade secret question in this case "is unlikely to control any future cases." Id. (quoting MDS, 720 F.3d at 842). And last, Drago fails to demonstrate that the government has any "strong interest in having cases like this litigated and adjudicated in a federal forum." Id. Significantly, "the government isn't a party, nor is there any

---

[4] Notably, the entirety of Drago's argument on this factor is a citation to a case in which a court accepted an undisputed proposition that an entirely different issue—whether yield-bearing accounts are securities required to be registered with the SEC—is a purely legal question. See Response at 14 (citing Norris v. Brady, 668 F. Supp. 3d 1257, 1264 (S.D. Fla. 2023)). Drago fails to explain how these two different questions are analogous. And notably, the question presented in Norris arose in the context of a request for declaratory judgment, not a state-law claim for breach of contract. See Norris, 668 F. Supp. 3d at 1262. Regardless, the Court does not find Norris to be persuasive under the circumstances of this case in light of the Eleventh Circuit's subsequent decision in AST & Science.

governmental action upstream of the suit." Id. at 1255.  Indeed, as in AST & Science, this action arises solely out of a private contract dispute.[5]

In addition to the above factors, the AST & Science court discussed other relevant considerations that in the Court's view would similarly weigh against a finding of substantiality in this case. Id. at 1255. In the context of the securities law issue implicated in AST & Science LLC, the Eleventh Circuit reasoned as follows:

> Allowing a state court to decide cases like this won't undermine the development of a uniform body of securities law. "[A]ctual" securities cases will continue to be decided in federal court because, as was true of the patent-law question at issue in Gunn, Congress has "vest[ed] exclusive jurisdiction over actual [securities] cases" in federal courts.  In resolving those cases, "the federal courts are of course not bound by state court case-within-a—case [securities] rulings."  Relatedly, "more novel questions of [securities] law ... will at some point be decided by a federal court in the context of an actual [securities] case."  And finally, "the possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive [ ] jurisdiction, even if the potential error finds its root in a misunderstanding of [securities] law."

---

[5] In the Response, Drago argues that the federal government has an interest in the litigation of this issue in federal court because Congress gave the federal district courts original jurisdiction over DTSA claims. See Response at 14. But as the analysis in AST & Science makes plain, the existence of this jurisdictional provision alone does not establish a strong governmental interest in having all cases touching on the statute litigated in federal court. See AST & Science, 143 F.4th at 1254-55.  Indeed, such jurisdictional provisions exist in any number of federal statutes.  If this were enough, then state-law claims raising substantial federal questions sufficient to invoke federal subject matter jurisdiction would no longer be "a special and small category of cases . . . ." See id. at 1252 (quoting Gunn, 568 U.S. at 258).

- 10 -

Id. (internal citations omitted) (alterations in original) (quoting Gunn, 568 U.S. at 261-63). This same reasoning fully applies to the DTSA issue presented in the case at hand.

Based on the foregoing, the Court finds that Drago fails to satisfy her burden of demonstrating that any of the state law claims asserted in this lawsuit give rise to a <u>substantial</u> federal issue. As such, the Court lacks federal-question jurisdiction over this case. Because the undersigned can discern no other basis on which to exercise subject matter jurisdiction over this action, the Court will grant the Motion and remand the matter to state court. Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Remand and Incorporated Memorandum of Law (Doc. 8) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida for all further proceedings.

3. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court and to close this file.

**DONE AND ORDERED** in Jacksonville, Florida on September 18, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Clerk, Fourth Judicial Circuit